IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEANGELO JONES, | )<br>)<br>) |
| *Plaintiff,* | )<br>)<br>) |
| -vs- | )<br>) |
| ROBERTSON COUNTY BOARD OF EDUCATION, | ) Case No. _____<br>)<br>) |
| | ) JURY DEMAND |
| *Defendant.* | )<br>) |

# COMPLAINT

Comes now the Plaintiff, DeAngelo Jones, and for this complaint against the Defendant, Robertson County Board of Education state as follows:

## I. Introduction

1. DeAngelo Jones is a student enrolled in the Robertson County school system. Tennessee. He brings this action for redress of his injuries as a victim of an on-going pattern of student-on-student racially motivated harassment and bullying. As a result of the school system's deliberate indifference toward the educational rights of the Plaintiff, and its failure to protect him from this ongoing pattern of racial harassment, the Defendant is liable to the Plaintiff for damages under Title VI of the Civil Rights Act of 1964, 42 U.S.C §§ 2000d - 2000d-7.

## II. Jurisdiction

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 (3) and (4), this action being authorized by 20 U.S.C. § 1703 and 42 U.S.C. §§ 2000c-8 and 1983 to redress the deprivation of the Plaintiff's constitutional rights under the Fourteenth Amendment to the United States Constitution.

3. Venue for this case properly lies in the Middle District of Tennessee, in that the plaintiffs reside therein, and all acts resulting in a violation of Plaintiff's federal statutory rights occurred therein.

## III. Identity of Parties

4. Plaintiff DeAngelo Jones is an adult citizen and resident of Robertson County, Tennessee. Plaintiff's date of birth is September 3, 1997. He is African-American by race.

5. Defendant Robertson County Board of Education ("Defendant RCBOE") is a local public county school system created and existing by virtue of the laws of the State of Tennessee. RCBOE is the governing entity having authority over the schools that the Plaintiff attended and at all times relevant to this action, and was a knowing recipient of federal funds.

## IV. Factual Allegations

6. During the 2012-2013 academic school year, Plaintiff was enrolled as a freshman student at Springfield High School in Springfield, Tennessee.

7. As a part of his extracurricular activities while at Springfield High School, DeAngelo Jones successfully tried out for the baseball team. The coach for the team was Coach Justin Martin.

8. Beginning in the fall of 2012, the Plaintiff began to experience taunting of a racial nature and bullying from some of his white upperclassmen on the team.

9. As an example of this racial taunting, one of the white students on the team yelled at the Plaintiff to *"run like the KKK is after you!"*

10. As the baseball season progressed, DeAngelo and a fellow black student on the baseball team were repeatedly singled out and targeted by some of the upper class males on the team who regularly taunted them with racial slurs and eptithets.

11. In October of 2012, the Plaintiff's mother, Conda Polk sent an email to Coach Martin reporting the racial taunting of her son. Coach Martin responded stating merely that he would "give this more attention."

12. When the racial taunting continued unabated in the spring of 2013, Ms. Polk went to Springfield High School to report this to the school administration, and requested that Coach Martin be called to the school office and confronted regarding these discriminatory practices. Coach Martin assured Ms. Polk at the time that he would investigate her concerns and that such racial taunting would not be allowed.

13. In April of 2014, Plaintiff was accused by a teacher of committing a minor infraction. When he expressed his disagreement with the teacher over whether he should receive an in-school suspension for this alleged infraction, he was grabbed and assaulted by then Principal Justin Grimes who choked the Plaintiff and slung his body into a concrete wall.

14. Later that same day, Ms. Polk went to the school office to meet with Principal Grimes over this altercation in which her son had been injured by his physical assault and battery. Present at this meeting were the Plaintiff, his mother Conda Polk, Principal Grimes and Assistant Principal Theresea Leavitt. The meeting began with an announcement by Principal

Grimes that they had decided to send her son to alternative school. When Ms. Polk brought up the incidents of racial taunting of her son, she was surprised to hear Principal Grimes and Assistant Principal Leavitt deny any knowledge of this pattern of racial discrimination. They ended the meeting by saying they would not be sending DeAngelo to alternative school. Principal Grimes then handed Ms. Polk eight tickets to Nashville Sounds baseball games.

15. Plaintiff was allowed to return to the baseball team, but in retaliation for his having reported the racial taunting Coach Martin benched him. He also singled out the Plaintiff and imposed as punishment that he run around the baseball field. Over the course of several games in the spring of 2014, Plaintiff was made to run over thirty miles.

16. In the summer of 2014 Justin Grimes resigned his position as Principal at Springfield High School amid accusations of sexual harassment by his staff. He was replaced by Theresa Leavitt.

17. On or about January 28, 2015, Principal Leavitt confronted the Plaintiff and demanded that he remove a cross pendant and rosary that he was wearing and sent him home for the remainder of the school day.

18. On March 4, 2015, Conda Polk reported the pattern of racial discrimination and retaliation of her son to the Tennessee Human Rights Commission. As a result of this report, TDOE conducted an investigation and concluded that the Defendant's actions were in noncompliance with Title VI of the Civil Rights Act.

Here, the School and District's investigations were not reasonable given the allegations. While OCR usually declines to replace its judgment with that of local school administrators, these circumstances counsel a departure. The School and District did not indicate (or provide documentation) that they conducted an investigation into racial discrimination as required by their policy. As OCR has confirmed, a school has the obligation to recognize harassment in violation of federal civil rights laws and take appropriate action to promptly and effectively respond to the harassment.[4]

(Report of Tennessee Department of Education, May 12, 2015 at p. 7).

V.
Cause of Action

COUNT I
Violation of Title VI of the Civil Rights Act
42 U.S.C §§ 2000d - 2000d-7

19. Plaintiff incorporates herein by reference the allegations set forth in ¶¶ 1 through 18, and do further allege as follows.

20. Under title VI of the Civil Rights Act of 1964 and its implementing regulations, no individual may be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination on the grounds of race, color or national origin under any program or activity that knowingly receives federal funds. In addition, the existence of a racially hostile environment that is created, encouraged, accepted, tolerated or left uncorrected by a recipient also constitutes different treatment on the basis of race in violation of title VI.

21. Defendant RCBOE had notice through its agents and employees of the existence of a racially hostile environment at the school attended by Plaintiff.

22. Defendant RCBOE failed to respond adequately to redress the racially hostile environment.

5

23. The racial harassment of Plaintiff was so severe, pervasive, and objectively offensive that, when taken in conjunction with the deliberate indifference of the Defendant RCBOE, it effectively deprived him of equal access to educational opportunities and benefits provided by the school.

24. Defendant RCBOE had actual knowledge of repeated acts of racial harassment aimed at Plaintiff, yet decided to remain idle. The defendant's actions, taken as a whole, demonstrate deliberate indifference to the harassment of Plaintiff in violation of 20 U.S.C. § 1703.

25. As a direct consequence of the Defendants' actions, Plaintiff has suffered, and continues to suffer, mental anguish, embarrassment, humiliation for which he is entitled to compensatory damages.

WHEREFORE, PLAINTIFFS DEMAND:

1. That Plaintiffs be allowed to file this complaint and that the named Defendant, ROBERTSON COUNTY BOARD OF EDUCATION and that it be required to answer within the time prescribed by law;

2. That upon final hearing, the Plaintiff have and recover judgment against the Defendant ROBERTSON COUNTY BOARD OF EDUCATION for compensatory damages in the amount of Three Hundred Thousand Dollars ($300,000);

3. That a jury of six be empanelled to hear and try all issues properly submitted to the trier of fact;

4. That Plaintiff have and recover such further and general relief as to which he may be entitled, including court costs and reasonable attorney fees under 42 U.S.C. § 1988.

Respectfully submitted,

By: /s/ Larry L. Crain
Larry L. Crain
Tenn. Sup. Crt. No. 9040
**CRAIN, SCHUETTE & ASSOCIATES, LLC.**
5214 Maryland Way, Suite 402
Brentwood, TN 37027
(615) 376-2600 Voice
(615) 345-6009 Facsimile
*larry@csafirm.com*

*Attorney for the Plaintiff*